IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Margaret Foster,<br><br>   Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of the Social Security Administration,<br><br>   Defendant. | No. CV 06-588 TUC JMR<br><br>**ORDER** |

   This case arises from a claim by Plaintiff for Social Security benefits.  Administrative Law Judge Peter J. Baum ("ALJ") initially determined that Plaintiff was not disabled as defined by the Social Security Act.  The Appeals Council then vacated the decision of the ALJ and remanded the case for further proceedings, instructing the ALJ to obtain updated treatment records, address all relevant lay statements and testimony of record, and, if warranted by the expanded record, obtain evidence from a vocational expert.  After a second hearing the ALJ again determined that Plaintiff was not statutorily disabled.  The Appeals Council denied review, effectively making the decision of the ALJ the final decision of the Commissioner.  Plaintiff thereafter initiated this action.

   Pending before this court are cross-motions for summary judgment. (Doc. No. 9 & 11).  Plaintiff contends that the ALJ failed to evaluate her impairment in accord with 20 C.F.R. § 416.920a (2006) and failed to obtain vocational-expert testimony in accord with 20 C.F.R. § 416.920(g) (2006).  Plaintiff further contends that the ALJ erroneously rejected treating physician Dr. Gunther's opinion while giving treating physician Dr. Chavez's

opinion "substantial persuasive weight" without proper justification. Plaintiff maintains that the ALJ's mental residual functional capacity assessment is unreviewable. Finally, Plaintiff argues that substantial evidence does not support the ALJ's finding of adverse credibility.

Defendant argues that the ALJ properly assessed and considered Plaintiff's allegedly disabling mental impairments as well as the opinions of Drs. Gunther and Chavez. Defendant maintains that vocational-expert testimony was unnecessary and that the ALJ's mental residual functional capacity assessment is reviewable. Finally, Defendant argues that the ALJ properly assessed the credibility of Plaintiff's allegations of subjectively disabling symptoms.

On July 13, 2007, after a thorough and well-documented analysis, Magistrate Judge Glenda E. Edmonds issued a Report and Recommendation ("R&R") to this Court. Neither party filed an objection to the R&R. Judge Edmonds recommended that Plaintiff's motion be granted and that Defendant's motion be denied. Judge Edmonds further recommended that Plaintiff's claim be remanded for further proceedings, which would allow the Commissioner to supplement the record with additional evidence as to Plaintiff's exertional limitations (resulting from her cardiovascular condition) and reevaluate Plaintiff's residual functioning capacity ("RFC"). In her analysis, Judge Edmonds determined that the ALJ's conclusion that Plaintiff could perform the exertional demands of medium work was not supported by substantial evidence.

When there are no objections to the R&R, the Court will modify or set aside only those portions that are clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Conley v. Crabtree*, 14 F. Supp.2d 1203, 1204 (D. Or. 1998). The Court has carefully reviewed the

entire record and concludes that Magistrate Judge Edmonds's recommendations are not clearly erroneous or contrary to law. The Court agrees that the ALJ's conclusion that Plaintiff can perform the exertional demands of medium work is not supported by substantial evidence. The Court also agrees that remanding the case for further administrative proceedings is necessary to further develop the record and reevaluate Plaintiff's RFC.

Accordingly,

**IT IS ORDERED** that the **REPORT AND RECOMMENDATION** of the Magistrate Judge filed on July 13, 2007 (Doc. No. 18) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. No. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Cross-Motion for Summary Judgment (Doc. No. 11) is **DENIED**.

**IT IS FURTHER ORDERED** that the instant action is **REMANDED TO THE COMMISSIONER** for further development of the record consistent with this **ORDER** and the **REPORT AND RECOMMENDATION** and for further appropriate administrative proceedings consistent with that additional development.

DATED this 19th day of October, 2007.

_____
John M. Roll
Chief United States District Judge